# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DESHAWN DRUMGO, SR., | No. 3:20-CV-01829 |
| Plaintiff, | (Judge Brann) |
| v. | (Chief Magistrate Judge Mehalchick) |
| SERGEANT FUNK, *et al.*, | |
| Defendants. | |

## ORDER

### MAY 20, 2021

Deshawn Drumgo, Sr. filed this civil rights complaint alleging that his rights have been violated by numerous defendants.[1] Drumgo also filed a motion for a temporary restraining order (TRO), in which he alleges that he "fears his manhood is in danger."[2] Chief Magistrate Judge Karoline Mehalchick has issued a Report and Recommendation recommending that this Court deny Drumgo's motion for a TRO, as he failed to demonstrate irreparable harm or a likelihood of success on the merits.[3] Drumgo filed timely objections to the Report and Recommendation, asserting that a prison official solicited oral sex from Drumgo and, as a result, he fears sexual assault

---

[1] Doc. 1.
[2] Doc. 2.
[3] Doc. 23.

from other prisoners who may view Drumgo as being weak for failing to hit the officer in response to the alleged solicitation.[4]

"If a party objects timely to a magistrate judge's report and recommendation, the district court must 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'"[5] Regardless of whether timely objections are made, district courts may accept, reject, or modify—in whole or in part—the magistrate judge's findings or recommendations.[6] After reviewing the record, the Court finds no error in Chief Magistrate Judge Mehalchick's conclusion that Drumgo failed to demonstrate irreparable harm and, thus, that he is not entitled to a TRO.[7] Accordingly, **IT IS HEREBY ORDERED** that:

1. Chief Magistrate Judge Karoline Mehalchick's Report and Recommendation (Doc. 23) is **ADOPTED**;

2. Drumgo's motion for a TRO (Doc. 2) is **DENIED**; and

---

[4] Doc. 30.
[5] *Equal Emp't Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)).
[6] 28 U.S.C. § 636(b)(1); Local Rule 72.31.
[7] In his objections to the Report and Recommendation, Drumgo asserts that he fears he will be sexually assaulted. Doc. 30 at 2-3. While this would constitute irreparable harm, Drumgo does not explain how an injunction against prison officials would protect him from sexual assault from other inmates. Moreover, the United States Court of Appeals for the Third Circuit has held that assertions made in a brief "are not evidence," *Jersey Cent. Power & Light Co. v. Lacey Twp.*, 772 F.2d 1103, 1109 (3d Cir. 1985), and, accordingly, Drumgo's assertions may not support a TRO, as they were not made in a verified complaint, in a statement made under penalty of perjury, or even in his initial motion.

3. This matter is **REMANDED** to Chief Magistrate Judge Mehalchick for further proceedings.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge