UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DESHAWN DRUMGO, SR., <br><br> Plaintiff, <br><br> v. <br><br> FUNK, et al., <br><br> Defendants. | CIVIL ACTION NO. 3:20-CV-01829 <br><br> (BRANN, J.) <br> (MEHALCHICK, M.J.) |

**MEMORANDUM**

This case involves a *pro se* plaintiff, Deshawn Drumgo ("Drumgo"), who initiated the above-captioned civil rights action by filing a complaint pursuant to 42 U.S.C. § 1983 against Defendants Sergeant Funk, Correctional Officer ("C.O.") Cline, C.O. Yox, C.O. James, C.O. Lowe, Sergeant Bare, Sergeant Gilbert, Security Lieutenant Mihal, Lieutenant Berfield, Tonya Heist, Sergeant McBeth, Deb Alvord, C.O. Roth, Sergeant Bainey, Ms. Digby Cum, Sergeant Rivera, C.O. Hubert, Lieutenant Horner, Superintendent Laurel Harry, Hex Schnek, C.O. Johnson, Unit Manager Ritchey, Jane Doe, John Doe, Sergeant McGee, and Sergeant Maul (collectively, "Defendants").[1] (Doc. 1). At all times relevant to this action, Drumgo was incarcerated at the State Correctional Institution at Camp Hill ("SCI-Camp Hill"), located in Cumberland County, Pennsylvania. (Doc. 1, at 10). Currently, before the Court is Defendants' Rule 37 motion to compel deposition testimony of Drumgo. (Doc. 61). For the following reasons, the motion to compel will be GRANTED.

---

[1] Drumgo lists the named Defendants in his original complaint, however, the Civil Docket lists the Defendants with different credentials. (Doc. 7)

I.   **STANDARDS OF LAW**

Rulings regarding the proper scope of discovery are matters consigned to the Court's discretion and judgment. A court's decisions regarding the conduct of discovery will be disturbed only upon a showing of abuse of that discretion. *Marroquin-Manriquez v. I.N.S.*, 699 F.2d 129, 134 (3d Cir. 1983). This far-reaching discretion also extends to rulings by United States Magistrate Judges on discovery matters. In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. See *Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc.*, 174 F.R.D. 572, 585 (D.N.J. 1997). When a magistrate judge's decision involves a discretionary [discovery] matter . . . , "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." *Saldi v. Paul Revere Life Ins. Co.*, 224 F.R.D. 169, 174 (E.D. Pa. 2004) (citing *Scott Paper Co. v. United States*, 943 F. Supp. 501, 502 (E.D. Pa. 1996)). Under the standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." *Kresefky v. Panasonic Commc'ns and Sys. Co.*, 169 F.R.D. 54, 64 (D.N.J. 1996); see also *Hasbrouck v. BankAmerica Hous. Servs.*, 190 F.R.D. 42, 44- 45 (N.D.N.Y. 1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); *EEOC v. Mr. Gold, Inc.*, 223 F.R.D. 100, 102 (E.D.N.Y. 2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).
>
> *Halsey v. Pfeiffer*, No. 09-1138, 2010 WL 2735702, at *1 (D.N.J. Sept. 27, 2010).

The exercise of this discretion is guided, however, by certain basic principles. At the outset, Rule 26(b) of the Federal Rules of Civil Procedure generally defines the scope of discovery permitted in a civil action, prescribes certain limits to that discovery, and provides as follows:

> Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed

discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1)

Rule 37 of the Federal Rules of Civil Procedure authorizes a party to move to compel a party to comply with discovery obligations and specifically provides that:

On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Fed. R. Civ. P. 37(a)(1).

Under Rule 37, a court may issue an order compelling discovery where "a deponent fails to answer a question asked under Rule 30 or 31 [governing depositions on oral examination or written questions]." Fed. R. Civ. P. 37(a)(3)(B)(i). A party moving to compel discovery bears the initial burden of proving the relevance of the requested information. *Morrison v. Phila. Housing Auth.*, 203 F.R.D. 195, 196 (E.D. Pa. 2001). "Once that initial burden is met, 'the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.'" *Prime Energy & Chem., LLC v. Tucker Arensber P.C.,* No. 2:18-CV-0345, 2022 WL 1642394, at *4 (W.D. Pa. May 24, 2022) (quoting *In re Urethane Antitrust Litig.,* 261 F.R.D. 570, 573 (D. Kan. 2009)).

II.  **DISCUSSION**

In the motion to compel, Defendants contend Drumgo has refused to answer numerous questions during his deposition, purporting to invoke his Fifth Amendment

3

privilege against self-incrimination. (Doc. 62, at 5). Defendants argue Drumgo's assertion of the Fifth Amendment privilege is improper for three reasons. (Doc. 62, at 6-7). First, the vast majority of the questions Drumgo refused to answer concerned Drumgo's purported knowledge of exculpatory – as opposed to self-incriminating – information, and thus, the Fifth Amendment is inapplicable. (Doc. 62, at 6). Second, Drumgo, a convicted murderer, cannot receive any additional punishment for the murder and, thus, the Fifth Amendment is not implicated by questions relating to the facts and circumstances surrounding the murder. (Doc. 62, at 7). Third, Drumgo cannot assert the Fifth Amendment privilege based on his belief that he was being asked "to keep throwing people under the bus." (Doc. 62, at 8). Defendants seek an order compelling Drumgo to answer all questions at an oral deposition concerning the topics that he previously declined to answer questions on during his deposition on April 13, 2022. (Doc. 61, at 1). In response, Drumgo argues that because he is in the process of working with the National Legal Professional's Association and Centurion to exonerate himself, and because he still has a right to file a petition of actual innocence, he can invoke his Fifth Amendment right against self-incrimination as his case is still being litigated. (Doc. 64, at 1).

  Defendants' motion to compel calls upon the Court to exercise its authority under Rule 26 of the Federal Rules of Civil Procedure to regulate the discovery in this case. As noted *supra*, issues related to the scope of discovery permitted under the Federal Rules rest in the sound discretion of the Court. *Wisniewski v. Johns–Manville Corp.*, 812 F.2d 81, 90 (3d Cir. 1987). This far-reaching discretion extends to rulings by United States Magistrate Judges on discovery matters. *See, e.g., Saldi*, 224 F.R.D. at 174; *Farmer's & Merchant's Nat'l Bank*, 174 F.R.D. at 585. A court's decisions regarding the conduct of discovery will be disturbed only upon a showing of an abuse of discretion. *Marroquin–Manriquez*, 699 F.2d at 134.

The Fifth Amendment to the United States Constitution states, in pertinent part, that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself." U.S. CONST. amend. V; see *United States v. Hutchinson*, No. 3:20-CR-143, 2022 WL 4387865, at *2 (M.D. Pa. Sept. 22, 2022). A person may invoke the privilege against self-incrimination in a variety of settings, including civil proceedings, at an administrative or judicial hearing, or in a setting that is investigatory or adjudicatory. *Kastigar v. United States*, 406 U.S. 441, 444–45 (1972). During his deposition, Drumgo frequently objected or failed to answer the questions relating to his purported knowledge of exculpatory evidence. (Doc. 62, at 3-5). In response, Defendants' counsel instructed him that the Fifth Amendment protects Drumgo's right against self-incrimination. (Doc. 62, at 4). Nonetheless, Drumgo continued to refuse to answer questions, invoking his Fifth Amendment privilege. (Doc. 62, at 4-5).

"A person claiming a privilege under the Fifth Amendment must be confronted by substantial and real, and not merely trifling or imaginary, hazards of incrimination." *United States v. Doe*, 465 U.S. 605, 614 (1984) (citing *Marchetti v. United States*, 390 U.S. 39, 53 (1968)) (internal quotations omitted). Nevertheless, "while the privilege protects an admission that on its own would support a criminal conviction, the privilege also protects admissions 'which would furnish a link in the chain of evidence needed to prosecute the claimant for a federal crime.'" *Adelphia Recovery Tr. v. Bank of Am., N.A.,* No. 4:09-MC-00139, 2009 WL 5214981, at *2 (M.D. Pa. Dec. 29, 2009) (citing *Hoffman v. United States*, 341 U.S. 479, 487 (1951)). Furthermore, "[i]t is settled by the overwhelming weight of authority that a person who has waived his privilege of silence in one trial or proceeding is not estopped to assert it as to the same matter in a subsequent trial or proceeding." *In re Neff*, 206 F.2d 149, 152 (3d Cir.1953).

As a general rule, a witness should be required "to answer questions only if it is perfectly clear, from a careful consideration of all the circumstances in the case that the answer cannot possibly tend to incriminate the witness." *Nelson v. Pilkington PLC (In re Flat Glass Antitrust Litig.)*, 385 F.3d 350, 371 (3d Cir. 2004) (quoting *United States v. Washington*, 318 F.3d 845, 856 (8th Cir. 2003)) (internal quotations omitted). Nevertheless, "[t]he witness is not exonerated from answering merely because he declares that in so doing he would incriminate himself-his say-so does not of itself establish the hazard of incrimination." *Hoffman*, 341 U.S. at 487.

Here, the Court finds that the questions raised by Defendants regarding Drumgo's purported knowledge of exculpatory evidence do not fall within the purview of the privilege against self-incrimination under the Fifth Amendment. *Hoffman*, 341 U.S. at 486 ("The privilege afforded not only extends to answers that would in themselves support a conviction under a federal criminal statute but likewise embraces those which would furnish a link in the chain of evidence needed to prosecute the claimant for a federal crime") (citing *Blau v. United States*, 340 U.S. 159 (1950)). As Defendants note in their brief in support, the questions at issue pertain to Drumgo's knowledge of exculpatory evidence. (Doc. 62, at 6-7). Therefore, Drumgo's responses, standing alone, would not support a criminal conviction or furnish a link in the chain of evidence needed to prosecute the claimant for a federal crime. (Doc. 62, at 6-7); *see Rigas v. Deloitte & Touche, LLP*, No. 4:14-MC-0097, 2014 WL 957395, at *3 (M.D. Pa. Mar. 12, 2014). In addition, the questions do not pertain to Drumgo's involvement in any proscribed activity which could lead to criminal charges. *See Hoffman*, 341 U.S. at 478-88. Rather, the questions ask Drumgo to elaborate on his testimony that Defendants Rivera and Lopez confiscated boxes of documents that contained two exculpatory witness affidavits.

(Doc. 62, at 3-5). The Court finds it "perfectly clear, from a careful consideration of all the circumstances in the case, that the answer(s) cannot possibly tend to incriminate" Drumgo. *Nelson*, 385 F.3d at 371; *see Hoffman,* 341 U.S. at 488.

Accordingly, Drumgo is compelled to answer those questions about his knowledge of exculpatory evidence, as the Court concludes that the above questions are "facially innocuous" and that Drumgo has failed to show that he would face a substantial or real risk of incrimination if he were required to answer these questions. *See Adelphia,* 2009 WL 5214981, at *4.* (compelling witness to answer questions at deposition because court concluded questions were "facially innocuous" on their face and witness failed to show he would face a substantial or real risk of incrimination).

### III. CONCLUSION

Based on the foregoing, Defendants' motion to compel (Doc. 61) is **GRANTED**.

An appropriate Order follows.

Dated: January 26, 2023                         *s/ Karoline Mehalchick*
                                                **KAROLINE MEHALCHICK**
                                                **Chief United States Magistrate Judge**