IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DESHAWN DRUMGO, | No. 3:20-CV-1829 |
| Plaintiff, | (Chief Judge Brann) |
| v. | (Magistrate Judge Bloom) |
| SERGEANT FUNK, *et. al.*, | |
| Defendants. | |

## ORDER

### JUNE 7, 2024

Plaintiff Deshawn Drumgo filed the instant action on September 24, 2020, and it was jointly assigned to the undersigned and to a magistrate judge. Upon designation, a magistrate judge may "conduct hearings, including evidentiary hearings, and . . . submit to a judge of the court proposed findings of fact and recommendations."[1] Once filed, this report and recommendation is disseminated to the parties in the case who then have the opportunity to file written objections.[2]

On May 7, 2024 Magistrate Judge Daryl F. Bloom, to whom this matter is jointly assigned, issued a thorough report and recommendation recommending that Defendants' motion for summary judgment be granted.[3]

---

[1]  28 U.S.C. 636(b)(1)(B).
[2]  28 U.S.C. 636(b)(1).
[3]  Report and Recommendation, Doc. 99.

No objections to the report and recommendation have been filed. Where no objection is made to a report and recommendation, this Court will review the recommendation only for clear error.[4] Regardless of whether timely objections are made, district courts may accept, reject, or modify—in whole or in part—the findings or recommendations made by the magistrate judge.[5]

Because the Court writes solely for the parties, it will not restate the facts, but will instead adopt the recitation of facts as set forth by the magistrate judge. The Court has conducted a de novo review here and found no error.

The Court has received Drumgo's letter regarding documents and case status, dated May 5, 2024.[6] That letter states that Drumgo has not received an unspecified document after being transferred to a Delaware penitentiary and states Drumgo's intent to file a motion to compel release of this document.[7] This letter is likely referring to Magistrate Judge Bloom's Memorandum Opinion and Order denying Drumgo's motion to appoint counsel,[8] as this is the only document originally returned as undeliverable because of Drumgo's transfer to the Delaware penitentiary.[9] Following this docket entry, the Clerk's Office corrected Drumgo's

---

[4] Fed. R. Civ. P. 72(b), advisory committee notes; *see Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining that court should in some manner review recommendations regardless of whether objections were filed).

[5] 28 U.S.C. § 636(b)(1); Local Rule 72.31.

[6] Letter to the court re Documents and Case Status from Deshawn Drumgo, Doc. 100.

[7] *Id.* at 1.

[8] Memorandum and Order denying Motion to Appoint Counsel, Doc. 96

[9] Mail Returned as Undeliverable/Refused, Doc. 97. Doc. Entry, Mar. 11, 2024 (confirming incarceration in Delaware and updating address and Delaware inmate number on docket sheet).

address to reflect the Delaware penitentiary, so there is no reason to believe that Drumgo was not afforded an opportunity to object to the Report and Recommendation.[10]

Even if the document Drumgo's letter refers to is Magistrate Judge Bloom's Report and Recommendation granting the Defendants' motion for summary judgment,[11] and even if Drumgo would have otherwise objected to this Report and Recommendation, the outcome here would not change because no error is apparent even upon this Court's de novo review.

**AND NOW, IT IS HEREBY ORDERED** that:

1. Magistrate Judge Bloom's Report and Recommendation, Doc. 99, is **ADOPTED** in full;

2. Defendants' motion for summary judgment, Doc. 80, is **GRANTED**; and

3. The Clerk is directed to **CLOSE** this case.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[10] *Id.*
[11] Report and Recommendation, Doc. 99.