IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DESHAWN DRUMGO, | No. 3:20-CV-01829 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| SGT. FUNK *et al.*, | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

### JULY 19, 2024

### I.   BACKGROUND

Plaintiff Deshawn Drumgo filed the instant action in September of 2020, and it was jointly assigned to the undersigned and to a magistrate judge.[1] Defendants filed a motion for summary judgment in October 2023.[2] On May 7, 2024 Magistrate Judge Daryl F. Bloom, to whom this matter is jointly assigned, issued a thorough report and recommendation recommending that Defendants' motion for summary judgment be granted.[3] Magistrate Judge Bloom first concluded that Drumgo's Section 1983 claims against most of the individual defendants were barred under the Prison Litigation Reform Act ("PLRA") because Drumgo did not exhaust the Pennsylvania Department of Corrections' three-tiered grievance

---

[1]   Complaint, Doc. 1.
[2]   Motion for Summary Judgment, Doc. 80.
[3]   Report and Recommendation, Doc. 99.

process.[4] After exhaustively reviewing all 46 of the grievances relevant to Drumgo's case, he concluded that Drumgo failed to properly exhaust 41 of them.[5] Drumgo's claim that the grievances were destroyed was rejected because Drumgo provided no evidence of this occurrence, and his claim that his placement on grievance restriction prevented him from accessing the grievance system did not prevent him from exhausting his administrative remedies.[6]

The five exhausted grievances related to Drumgo's First Amendment retaliation claim and First Amendment denial of access to courts claim.[7] The retaliation claim was dismissed both because Drumgo's participation in a Delaware prison uprising was not protected activity under the First Amendment, and also because the comments prison guards made to him and his transfer to another prison block were not adverse actions.[8] His access to courts claim was dismissed because after Drumgo was told that his legal materials were being stored on a different cell block, there was no evidence that he was prevented from accessing them, nor did Drumgo explain the nature of these legal materials.[9] Drumgo therefore failed to

---

4   *Id.* at 6; 42 U.S.C. § 1997e(a).
5   Report and Recommendation, Doc. 99 at 7-8.
6   *Id.* at 9-10 (citing *Veloz v. New York*, 339 F.Supp. 3d 505, 516 (S.D.N.Y. 2004), *aff'd* 178 F.App'x 39 (3d Cir. 2006) and *Cummings v. Crumb*, 347 F.App'x 725, 727 (3d Cir. 2009)).
7   *Id.* at 8.
8   *Id.* at 12-13.
9   *Id.* at 14-15.

show that he "lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim."[10]

By the time this Court reviewed the report and recommendations, it had not received any objections and any such objections were long overdue.[11] This Court did note that Drumgo had filed a letter stating that he had not received certain mailings from the Court, albeit appearing to relate to a different document.[12] So it reviewed the report and recommendation de novo and adopted it in full, noting that even had Drumgo objected, the outcome would not have changed.[13]

## II.  RECONSIDERATION STANDARD

Now pending is Drumgo's motion for reconsideration.[14] "Reconsideration remains a form of relief generally reserved for 'extraordinary circumstances.'"[15] To support a motion for reconsideration, a party must show "at least one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."[16]

---

[10]   *Id.* at 14 (quoting *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008)).
[11]   Fed. R. Civ. P. 72 (objections must be filed and served within 14 days); Report and Recommendation, Doc. 99 (dated May 7, 2024); Order Adopting Report and Recommendations, Doc. 101 (dated June 7, 2024).
[12]   Order Adopting Report and Recommendations, Doc. 101 at 2-3.
[13]   *Id.* at 3.
[14]   *Id.*
[15]   *In re Energy Future Holdings Corp.*, 904 F.3d 298, 316 (3d Cir. 2018) (quoting *In re Pharmacy Benefit Managers Antitrust Litig.*, 582 F.3d 432, 439 (3d Cir. 2009)).
[16]   *In re Vehicle Carrier Servs. Antitrust Litig.*, 846 F.3d 71, 87 (3d Cir. 2017) (cleaned up).

As Drumgo cites no change in law and provides no new evidence, his request for reconsideration must be premised on "the need to correct a clear error of law or fact or to prevent manifest injustice."[17] This last ground only warrants reconsideration if "the Court is left with the definite and firm conviction that a mistake has been committed."[18]

### III. ANALYSIS

Drumgo claims that he mailed an objection to the report and objection, despite the fact that this Court never received it, and concludes that "once again his mail was thrown away and the defense gains a unfair advantage."[19] He also attaches as an exhibit the "previously mailed reconsideration."[20] But as this Court stated when adopting Magistrate Judge Bloom's report and recommendation, it conducted a de novo review to ensure that Drumgo was not disadvantaged if he never received it.[21] Regardless, I shall address the arguments Drumgo raises on this motion for reconsideration.[22]

First, Drumgo states that Defendants failed to complete his interrogatories and should have been held in contempt.[23] But Drumgo never made any motions to this Court regarding the alleged uncompleted interrogatories and he did not cite to

---

[17] *Id.*
[18] *Prusky v. ReliaStar Ins. Co.*, 352 F.3d 252, 258 (3d Cir. 2008).
[19] Motion for Reconsideration, Doc. 103 at 1.
[20] Previously Mailed Reconsideration, Doc. 103-1.
[21] Report and Recommendation, Doc. 99 at 2-3.
[22] Drumgo makes the same arguments in both his objections and his motion for reconsideration.
[23] *Id.* at 4.

4

any mention of this in the record. Nor does Drumgo explain how these interrogatory responses would have created an issue of fact sufficient to deny Defendants' motion for summary judgment, specifically as it regards his exhaustion of remedies, or what other relevance it may have to his motion for reconsideration.

The rest of this motion is solely directed to disputing Magistrate Judge Bloom's holding that Drumgo had not exhausted certain claims, despite Drumgo's assertion that he only failed to appeal related grievances because they were destroyed. Drumgo argues that Magistrate Judge Bloom made an improper credibility determination when he did not credit Drumgo's assertion that his grievance appeals were thrown away or destroyed, and that it was error for this Court to adopt that part of his report and recommendation.[24] He also states that "the Court has Failed to Juxtapose Drumgo's sworn & verified complaint the affidavit of Lopez And Drumgo's Grievances Versus the Argument of the Defense."[25] Drumgo's final argument is difficult to understand, but he appears to be stating that he was left with no other way to prove that his grievances were destroyed.[26]

---

[24] Motion for Reconsideration, Doc. 103 at 3.
[25] *Id.* at 5.
[26] *Id.* at 3 ("Whatelse [sic] in the record could be used other than the Fact the Defense claim they Did not Receive correctional officers threw his Mail Away making the Rest of the Remedies Unavailable. Please see that Drumgo Attempted to Exhaust the 3rd-tier instruction Despite it was Unavailable And their [sic] was Nothing PA Doc or Defense Could Do if they Did Not have the Affidavit's to return Due to Sgt Rivera Disregard And Deprivation.").

First, Drumgo's argument that Magistrate Judge Bloom made improper credibility determinations is misplaced. Exhaustion is a precondition to bringing suit under the PLRA. So the United States Court of Appeals for the Third Circuit has held that "exhaustion is a 'threshold issue that *courts* must address.'"[27] "It is of no consequence" that "there are disputed facts that must be resolved in order to determine whether the claims were exhausted . . . . judges may resolve factual disputes relevant to the exhaustion issue without the participation of a jury."[28] So if any credibility determinations were involved in Magistrate Judge Bloom's decision, those determinations were not necessarily improper.

Second, none of the evidence Drumgo alludes to even created an issue of fact, so there was no credibility judgment to be had. This Court agrees with Magistrate Judge Bloom's assessment of the evidence, which is why it adopted his analysis without further comment. Magistrate Judge Bloom correctly noted Drumgo's argument that his grievance appeals had been destroyed but rejected it because Drumgo "ha[d] not cited to any record evidence supporting this claim."[29] Neither Drumgo's brief in opposition, nor the two documents he mentions in his motion for reconsideration—his complaint and Lopez's affidavit—provide any support for his assertion.

---

[27] *Small v. Camden Cnty.*, 728 F.3d 265, 270 (3d Cir. 2013) (quoting *Dillon v. Rogers*, 596 F.3d 260, 271-72 (5th Cir. 2010)).

[28] *Id.* at 270-71.

[29] Report and Recommendation, Doc. 99 at 9.

In his brief opposition, Drumgo stated, without citation or further elaboration, that he "exhausted administrative remedies to the best of his ability despite . . . correctional officers throwing all Drumgo's mail."[30] The "nonmoving party cannot rely upon conclusory allegations in its pleadings or in memoranda and briefs to establish a genuine issue of material fact."[31] That alone is sufficient to support Magistrate Judge Bloom's conclusion that Drumgo's factual assertion was unsupported.[32] As to Drumgo's complaint, "[a] plaintiff cannot resist a properly supported motion for summary judgment merely by restating the allegations of his complaint, but must point to concrete evidence in the record that supports each and every essential element of his case."[33] Moreover, nothing in Drumgo's complaint *or* Lopez's affidavit even mentions the possibility that Drumgo's grievances were destroyed.[34]

Drumgo's final argument—that there was no other way for him to prove the destruction of his grievances—betrays him. How *did* Drumgo conclude that his grievances were destroyed? He does not claim to have witnessed the occurrence, and he does not claim that officers told him that they were destroyed, nor does he

---

[30] Brief in Opposition, Doc. 88 at 3.
[31] *Pastore v. Bell Tel. Co. of Pa.*, 24 F.3d 508, 511-12 (3d Cir. 1994).
[32] *See DeShields v. Int'l Resort Props.*, 463 F.App'x 117, 120 (3d Cir. 2012) ("If factual support for DeShields's claim existed in the record, it was incumbent upon her to direct the District Court's attention to those facts.").
[33] *Orsatti v. N.J. State Police*, 71 F.3d 480, 484 (3d Cir. 1995); *see also Webb v. Columbia Cnty.*, No. 4:22-CV-00292, 2023 U.S. Dist. LEXIS 230328, at *4 (M.D. Pa. Dec. 27, 2023); 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2721 (4th ed. 2023).
[34] *See* Complaint, Doc. 1; Letter from Carlos V. Lopez, Doc. 93.

cite any deposition transcripts or other materials obtained in discovery. What is more likely is that Drumgo jumped to the conclusion that his grievances were destroyed based on no evidence. If a bare allegation that Defendants had destroyed records could always suffice to show exhaustion, the PLRA's exhaustion requirement would be rendered a dead letter because every Defendant could evade it with unsupported allegations.

Finally, Drumgo's motion does not mention, or oppose, Magistrate Judge Bloom's rulings on the two claims which were exhausted: his First Amendment retaliation and access to courts claims. Drumgo therefore appears to contest neither holding. To the extent he does, this Court fully agrees with Magistrate Judge Bloom's reasoning. As I stated earlier, the First Amendment retaliation claim was correctly dismissed because Drumgo did not demonstrate that he engaged in any protected First Amendment activities. The First Amendment access to courts claim was correctly dismissed because Drumgo did not show that his access to the courts was obstructed, or that he was deprived of the opportunity to litigate a nonfrivolous or arguable underlying claim. This Court sees no basis to grant reconsideration.

## IV.   CONCLUSION

Drumgo's motion for reconsideration begins by stating that "no matter what Drumgo is arguing or is able to proove [sic] the District Courts will never rule in

his favor."³⁵ But Drumgo may also wish to consider whether Magistrate Judge Bloom and this Court have granted the motion for summary judgment not because we are prejudiced against him, but because he has failed to make his case. Magistrate Judge Bloom painstakingly reviewed each of Drumgo's 46 relevant grievances to conclude which were exhausted and which were not, and he analyzed each remaining claim. This Court further reviewed that determination de novo, despite not receiving any objections, and has now reviewed the decision again after receiving Drumgo's motion for reconsideration. At the end of the day, all this Court can do to disabuse Drumgo of his notion is to impartially adjudicate each motion and explain its reasoning. The judiciary "may truly be said to have neither FORCE nor WILL, but merely judgment."³⁶

In accordance with this Memorandum Opinion, **IT IS HEREBY ORDERED** that Plaintiff DeShawn Drumgo's Motion for Reconsideration (Doc. 103) is **DENIED**.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

35  Motion for Reconsideration, Doc. 103 at 1.
36  THE FEDERALIST NO. 78 (Alexander Hamilton).